to speak with scientific accuracy, to "include" or permit evidence of any act or omission tending to show that the negligent fact alleged, namely, the jumping of the car from the track, was caused by the defendant's negligence. For instance it might be proved that the car wheels or the track was defective and broke.

These two obiter expressions were cited in Roblee v. Town of Indian Lake, 11 App. Div. 435, 42 N. Y. Supp. 326, Leeds v. N. Y. Telephone Co., 64 App. Div. 484, 72 N. Y. Supp. 250, and Murphy v. Milliken, 84 App. Div. 582, 82 N. Y. Supp. 951; but it is manifest on a perusal of these cases that nothing was actually decided in any of them which controls the present case.

We have been recently admonished by the Court of Appeals not to accept as controlling anything in the opinions emanating from it which is outside of the exact point which was before it by the record in the case. "A judicial opinion, like evidence, is only binding, so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance. The failure to read the opinions of courts with this fact in mind gives rise to much fruitless litigation." Colonial City Tr. Co. v. Kingston R. Co., 154 N. Y. 493, 48 N. E. 900. Following this admonition, we should be careful not to accept literally the expressions which have been cited from the Oldfield and Edgerton Cases as law. They were uttered with reference to the allegations in the complaints in those cases, and must be restricted to that sense.

The judgment should be affirmed.

---

CITY OF NEW YORK v. NEW YORK CITY RY. CO. et al.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

STREET RAILROADS (§ 38*)—PAVING STREETS BETWEEN TRACK—FAILURE TO PAVE UPON NOTICE FROM CITY.

    Under the statute requiring a street railroad company to repave the street within its tracks within 30 days from notice to do so by the city, and permitting the city, upon failure of the company, to comply with the notice to do the work and hold the company for the cost, where such a notice was given and the company made no move to comply with it for over 30 days, it was liable to the city for the cost of the work subsequently done and paid for by the city, though the city let the contract for the work within 30 days after serving notice on the company, where no part of the pavement within the railroad area was disturbed by the city or the contractors within the 30 days.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 99–111; Dec. Dig. § 38.*]

Appeal from Trial Term, New York County.

Action by the City of New York against the New York City Railway Company, impleaded with the Eighth Avenue Railroad Company. Judgment for plaintiff, and defendant New York City Railway Company appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. P. Cotton, Jr., for appellant.
Terence Farley, for respondent.

INGRAHAM, J.   This action was brought to recover for the expenses of repaving within the railroad tracks on Eighth avenue, from Thirteenth street to Columbus Circle, and on West Broadway, from Bey to Canal street.   The only point in this case that requires notice is the contention of the defendants that, as the notice to repair was served on June 14, 1906, and the contract to repave the street or avenue was made on June 21, 1906, work under the contract commencing about the end of June, the defendants were not given the statutory notice of 30 days, and cannot, therefore, be charged with the expense of the repavement.

It is true that by the statute the railroad company was given 30 days after the service of the notice in which to repave the street.  The notice was served on June 14th, and it had until July 14th to do the work.   If it had during that period even intimated to the municipal authorities that it intended to comply with the notice and repave the street, as required by the local authorities, and had proceeded to discharge its obligation, whatever contract the city had made, it could not have compelled the defendants to pay any cost incurred by the city under the contract.   It was entirely immaterial to the defendants when the contract was made, or when the contractors of the city commenced the work of repaving the street.   There is no allegation or proof that any part of the pavement within the railroad area was disturbed by the contractors or by the city within 30 days.   The mere fact that the city made a contract to repave this street could not in any way have affected the defendants.   Under the statute, if the defendants did not do the work required to be done within 30 days from receipt of the notice, the city could then do the work, and the defendants were charged with the obligation of paying to the city the cost of the work of repaving the street within the railroad area.   The plaintiff gave the notice.   The defendants did not comply with it, and the city subsequently did the work and paid for it.   The fact that the defendants did not do the work within 30 days, and took no steps then or at any subsequent time to have it done, imposed upon it the duty of paying the city for what it had paid as the cost of the repavement.   It was entirely immaterial to the defendants whether the contract to repave had been made before or after their default in performing the obligation imposed upon them by law.

The other points taken by the defendants do not require discussion.

It follows that the judgment appealed from should be affirmed, with costs.   All concur.